the second cause of action, there does not seem to have been any evidence that the machine complied with the terms of the contract; but the witness Granville is found equal to the occasion, as he again swears to the acceptance of the machine, apparently before it was delivered. But even he seems to concede that it was not so constructed as to successfully perform the work which, under the contract, it was called upon to do. The White Metal Company, nevertheless, accepted the machine, according to his testimony. In view of this condition of the evidence relating to both causes of action, the exception taken to the evidence that the White Metal Company had ceased to do business in December, 1898, presents a most serious question, and one which, we think, is fatal in this case. This evidence was offered, undoubtedly, for the purpose of impressing upon the jury the idea that the real motive of the defendants in defending the suit was, not because the machines did not fulfill the requirements of the contract, but that they were trying to get out of a fair and honest contract, because the White Metal Company had failed and gone out of business, and therefore had no use for the machines. It seems to us that evidence of this character, when offered for such a purpose, was incompetent and improper. It was foreign to the issues which were presented by the pleadings, which were whether or not the machines supplied under the contract complied therewith. It was entirely immaterial as to what became of the White Metal Company, so far as those issues were concerned. The plaintiff was bound to establish its case by proof, and not by innuendo; and, as we think that the weight of the evidence is against the plaintiff upon the question of compliance with the contract, upon the question of acceptance, the evidence admitted was doubly harmful.

The judgment and order should be reversed, and a new trial ordered, with costs to the appellants to abide event. All concur.

---

(69 App. Div. 87.)

ALLEGHANY IRON CO. v. CHESAPEAKE & O. RY. CO.

(Supreme Court, Appellate Division, First Department. February 7, 1902.)

1. PLEADING—BILL OF PARTICULARS—WHEN REQUIRED BEFORE ANSWER.
    A corporation sued on a contract, knowledge concerning which it denies, where the complaint merely alleges that prior to a day named a contract was made with such corporation, may require a bill of particulars setting forth the terms and date of the contract, the names of the officers who made it, and whether or not it is in writing, the complaint being so indefinite that defendant cannot properly answer.

2. SAME.
    A corporation sued for breach of a contract for failure to deliver coke may, before answering, require plaintiff to furnish a statement of the demands made by him upon defendant to furnish the coke.

3. SAME.
    A party sued for breach of a contract for failure to deliver coke where the complaint alleges as damages the difference between the cost price and selling price of the manufactured iron during the period in which the coke should be delivered, and which would have been manufactured but for the breach of the contract, cannot, before answering, require plaintiff to furnish further particulars of his damages.

Appeal from special term, New York county.

Action by the Alleghany Iron Company against the Chesapeake & Ohio Railway Company. From an order compelling plaintiff to. furnish a bill of particulars, it appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Henry B. Twombly, for appellant.
William Rumsey, for respondent.

INGRAHAM, J. The action is brought to recover the damages. sustained by the plaintiff in consequence of the breach of a contract alleged to have been entered into between the plaintiff and the defendant. The allegations of the complaint as to the making of the contract are quite indefinite. Such allegations are that on and prior to the month of April, 1899, in the city and state of New York, the plaintiff entered into a contract with the defendant whereby the plaintiff agreed to purchase from the defendant, and the defendant agreed to sell to the plaintiff, at certain prices, all the coke of first-class. quality that would be required to operate the plaintiff's furnaces at Iron Gate up to the 31st day of December, 1899, being not less than 90 tons of coke per day. When this contract was made is not stated. Whether or not it was in writing is not stated. The officer or agent of the defendant who made the agreement and the prices to be paid by plaintiff are not specified. There is nothing but the bare allegation that prior to a day named the plaintiff entered into a contract with the defendant. It is quite clear that this allegation is so indefinite that the defendant cannot properly answer; and, in view of the allegations in the affidavit upon which this motion was made, that none of the executive officers of the defendant had any knowledge of such a contract, and that they have no record of one having been made, they certainly are entitled to the particulars of the contract, the name of the officers who made it, whether or not it was in writing, and the exact day when the contract was made. I also think the defendant is entitled to a statement of the demands made by the plaintiff upon the defendant to furnish the coke. The order appealed from, however, requires that the plaintiff should furnish the particulars of the profits which it claims to have lost, and how such alleged profits were arrived at. In view of the allegation of clause 7 of the complaint, it does not appear that this should have been required. From that allegation it is quite apparent what damages the plaintiff claims to have been sustained by reason of the failure of the defendant to furnish this coke to it. It is the difference between the cost price and selling price of the manufactured iron during the period from the 1st of April to the end of December. Whether or not the plaintiff could recover such damages is not the question. What the plaintiff claims is that it was entitled to recover the difference between the cost price and selling price of the iron that it would have manufactured but for the failure of the defendant to deliver the coke, the complaint alleging that the plaintiff during the whole period was prevented from operating its furnace, and lost the profits that would have been made thereby. There is no allegation that the plaintiff

could not obtain coke from other persons, and transport it over the defendant's road to its furnace, or anything to excuse the plaintiff from endeavoring to reduce the damages as much as possible; but the basis upon which the plaintiff estimates its damage is clearly indicated in the complaint, and at this time there is no propriety in requiring the plaintiff to furnish further particulars of its claim. If it clearly appeared that the defendant would have the right to require such a bill of particulars as to profits after service of the answer, and if it was necessary to order a bill of particulars as to the other items, I should not be disposed to advise the modification of this order merely because these particulars would not be required prior to the answer; but from the allegations of the complaint, and in the present condition of the pleadings, I do not see that there is anything to show that any further particulars of the plaintiff's claim for damages would be at any time required. I think, therefore, that the order, so far as it requires the particulars of the plaintiff's claim for damages, was not justified, and that the order appealed from should be modified by striking out the provision requiring such particulars, and, as modified, affirmed, without costs. All concur.