GRANAT v. MENDETZ et al.

(Supreme Court, Appellate Term, First Department. December 14, 1914.)

PLEADING (§ 317*)—BILL OF PARTICULARS.

In an action for breach of contract, defendant is entitled to a bill of particulars informing him whether the alleged contract was oral or in writing, and, if in writing, setting forth a copy thereof.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Appeal from City Court of New York, Special Term.

Action by Jacob Granat against Harry J. Mendetz and another. From an order denying defendants' motion for a bill of particulars, defendants appeal. Reversed, and motion granted.

Argued December term, 1914, before GUY, PAGE, and BIJUR, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Morris & Samuel Meyers, of New York City, for appellants.
Jacob Manheim, of New York City, for respondent.

GUY, J. The action was brought to recover for the breach of an alleged contract of employment for one year at $50 a week. The answer denied the contract as pleaded, and set up a conditional contract, for the alleged breach of which, as well as for other alleged improper conduct, it averred plaintiff was discharged.

Defendant moved, among other things, for a bill of particulars as to whether said contract was oral or in writing, and, if in writing, for a copy thereof. Either party is entitled to know whether the alleged contract under which his opponent claims, when its terms are in dispute, is oral or in writing, and, if the latter, to have a copy thereof. Cozzens v. American General Engineering Co., 126 App. Div. 942, 111 N. Y. Supp. 350; Alleghany Iron Co. v. Chesapeake & O. R. Co., 69 App. Div. 87, 88, 74 N. Y. Supp. 514.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.